UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 1:02-cr-46-JPH-MJD-01 |
| v. | ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A) |
| JESSE T. BUCHANAN | (COMPASSIONATE RELEASE) |

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission, IT IS ORDERED that the motion is:

☒ DENIED.

☐ DENIED WITHOUT PREJUDICE.

☒ FACTORS CONSIDERED: In 2002, Defendant was convicted of four counts of trafficking cocaine in violation of 21 U.S.C. § 841(a)(1). Under the then-mandatory Sentencing Guidelines, he was determined to be a career offender within the meaning of U.S.S.G. § 4B1.1. In April 2003, the Court sentenced him to an aggregate term of 400 months in prison based on a guidelines range of 324–405 months. Later, following a retroactive guidelines change, the Court reduced Defendant's sentence to 262 months in prison. *See* dkt. 104 at 2–3 (discussing procedural history).

In 2020, Defendant filed a motion for compassionate release under § 603 of the First Step Act, which is codified at 18 U.S.C. § 3582(c)(1)(A), arguing that "extraordinary and compelling reasons" warranted relief under § 3582(c)(1)(A) because of the risk he faced from the COVID-19 pandemic. He also argued that extraordinary and compelling reasons supported his request for relief because the Sentencing Guidelines were no longer mandatory and the Sentencing Guidelines applicable to him had changed, so he would receive a much lower sentence if sentenced today. *See*

1

dkts. 85, 93. The Court denied that motion. Dkt. 104. In so doing, the Court assumed that Defendant could show extraordinary and compelling reasons potentially warranting release based on the risk he faced from COVID-19. *Id.* at 9. Nonetheless, the Court concluded that the sentencing factors in 18 U.S.C. § 3553(a) weighed against release. *Id.* at 9–14. As relevant here, the Court recognized that, if he were sentenced today, the guidelines range would be much lower (potentially only 140–175 months' imprisonment), but still declined to reduce Defendant's sentence. *Id.* at 13.

Defendant has now filed a renewed motion for compassionate release, which includes a request for appointment of counsel. Dkt. 125. Defendant states that, in his original motion, he relied not just on COVID-19 but also made a "change of legal landscape and intervening change in the law argument because of the meteoric change in the crack laws since his sentencing." *Id.* He states that, at the time the Court denied his first motion, it was "unsettled law whether a Court could consider the change in law and intervening changes in law that were not made retroactive by the First Step Act." *Id.* But now, he contends, the Supreme Court has clearly held in *Concepcion v. United States*, 142 S. Ct. 2389, 2404 (2022), that "the First Step Act allows district courts to consider intervening changes of law or fact in exercising their discretion to reduce a sentence pursuant to the First Step Act." *Id.* Thus, he seeks to renew his motion for compassionate release and asks the Court to appoint counsel to represent him. The Court concludes that it can resolve Defendant's motion without a response from the United States.

The general rule is that sentences imposed in federal criminal cases are final and may not be modified. 18 U.S.C. § 3582(c). Yet, under one exception to this rule, a court may reduce a sentence "after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable," if it finds that there are "extraordinary and compelling reasons" that warrant a reduction. 18 U.S.C. § 3582(c)(1)(A)(i). The Seventh Circuit has held that a court has broad discretion in determining what constitutes "extraordinary and compelling reasons" under the statute. *United States v. Gunn*,

980 F.3d 1178, 1180–81 (7th Cir. 2020). The court must "consider[] the applicant's individualized arguments and evidence," *United States v. Rucker*, 27 F.4th 560, 563 (7th Cir. 2022), but ultimately, "[t]he movant bears the burden of establishing 'extraordinary and compelling reasons' that warrant a sentence reduction." *United States v. Newton*, 996 F.3d 485, 488 (7th Cir. 2021).

To obtain relief under § 3582(c)(1)(A), Defendant must first show extraordinary and compelling reasons warranting relief. When the Court denied Defendant's first compassionate release motion, it assumed that he could show extraordinary and compelling reasons based on COVID-19 risk. That assumption does not hold true today because—after the Court denied Defendant's first motion—the Seventh Circuit held that "[a] prisoner who can show that he is unable to receive or benefit from a vaccine may still turn to this statute, but, for the vast majority of prisoners, the availability of a vaccine makes it impossible to conclude that the risk of COVID-19 is an 'extraordinary and compelling' reason for immediate release." *United States v. Broadfield*, 5 F.4th 801, 803 (7th Cir. 2021). Defendant has not provided any evidence or argument suggesting that he is unable to receive or benefit from the COVID-19 vaccine. Thus, on the current record, the risk he faces from the COVID-19 virus is not an extraordinary and compelling reason warranting relief, whether considered alone or in combination with any other factors.

In his original motion, Defendant also argued that he could show extraordinary and compelling reasons warranting relief under § 3582(c)(1)(A) because he would receive a much lower sentence if sentenced today. But Seventh Circuit precedent holds to the contrary. *See United States v. Thacker*, 4 F.4th 569, 574 (7th Cir. 2021) (holding that non-retroactive change to statutory mandatory minimum sentence was not extraordinary and compelling reason for relief under § 3582(c)(1)(A)(i)); *see also United States v. Carr*, No. 21-3108, 2022 WL 1421441, at *1 (7th Cir. May 5, 2022) ("Changes in sentencing law are not extraordinary and compelling reasons for compassionate release."); *United States v. Herbert*, No. 21-3321, 2022 WL 1791964, at *2 (7th Cir.

June 2, 2022) (non-retroactive changes to the guidelines are not grounds for compassionate release); *United States v. Watts*, No. 21-2867, 2022 WL 2208517, at *1 (7th Cir. June 21, 2022) (The court "lack[s] discretion under § 3582(c)(1)(A)(i) to reduce a statutory-minimum sentence asserted to be unfairly long. The appropriate path for prisoners to contest the length of their sentences is set forth in 28 U.S.C. § 2255.") (internal citation omitted).

To the extent that Defendant claims that such precedent was recently overruled by the United States Supreme Court in *Concepcion*, his argument is not well-taken. *Concepcion* addressed a different portion of the First Step Act—§ 404, which allows a district court to resentence a defendant in certain situations. It has no bearing on Defendant's motion, which falls under § 603 of the Act. As recently explained by the Seventh Circuit in a binding opinion:

> That the First Step Act did multiple things—lowering sentences for some cocaine cases, enabling prisoners to seek compassionate release on their own motions, and more—does not mean that every decision about any aspect of the First Step Act applies to every potential question under that statute. The First Step Act did not create or modify the "extraordinary and compelling reasons" threshold for eligibility; it just added prisoners to the list of persons who may file motions. We take the Supreme Court at its word that *Concepcion* is about matters that district judges may consider when they resentence defendants. So understood, *Concepcion* is irrelevant to the threshold question whether any given prisoner has established an "extraordinary and compelling reason for release."

*United States v. King*, No. 21-3196, __ F.4th __, 2022 WL 2663277, at *7 (7th Cir. July 11, 2022). As a result, the Seventh Circuit reiterated that "[t]here's nothing 'extraordinary' about new statutes or caselaw, or a contention that the sentencing judge erred in applying the Guidelines; these are the ordinary business of the legal system, and their consequences should be addressed by direct appeal or collateral review under 28 U.S.C. § 2255." *Id.* at *1. Thus, under controlling Seventh Circuit precedent, Defendant cannot establish extraordinary and compelling reasons warranting relief under § 3582(c)(1)(A) based on changes to the Sentencing Guidelines, his statute of conviction, or caselaw,

even if those changes mean that Defendant might receive a shorter sentence if he were sentenced today.

Without an extraordinary and compelling reason warranting relief under § 3582(c)(1)(A), Defendant's renewed motion must be denied. For the same reasons, the Court concludes that the interests of justice do not support reappointing counsel to represent Defendant. Accordingly, Defendant's renewed motion for compassionate release and reappointment of counsel, dkt. [125], is **denied**.

**SO ORDERED.**

Date: 8/11/2022

                                              James Patrick Hanlon
                                              United States District Judge
                                              Southern District of Indiana

Distribution:

Jesse T. Buchanan
Reg. No. 04999-028
FCI Milan
Federal Correctional Institution
P.O. Box 1000
Milan, MI 48160

All Electronically Registered Counsel